# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7428 | **DATE** | 2/27/2001 |
| **CASE TITLE** | Kinesoft Development Corp. vs. Softbank Holdings Inc. and Ronald D. Fisher | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Defendant Softbank's motion for reconsideration is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 2 7 2001 | |
| | Docketing to mail notices. | | date docketed | 65 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JJK | courtroom deputy's initials | FOR DOCKETING 01 FEB 27 AM 7: 45 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

**DOCKETED**

FEB 2 7 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KINESOFT DEVELOPMENT
CORPORATION,

          Plaintiff,

vs.

SOFTBANK HOLDINGS INC. and
RONALD D. FISHER,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 99 C 7428

Magistrate Judge
Sidney I. Schenkier

## MEMORANDUM OPINION AND ORDER

This case involves a business dispute between plaintiff, Kinesoft Development Corporation ("Kinesoft") and defendants Softbank Holdings Inc. ('Softbank") and Ronald Fisher, its vice chairman. On February 16, 2001, this Court issued a Memorandum Opinion and Order ("the Opinion") granting Softbank summary judgment on Kinesoft's claim for tortious interference with prospective economic advantage, which was pled only against Softbank (Count III), and granting both defendants summary judgment on Kinesoft's lost profits claim. In the Opinion, the Court denied summary judgment on Kinesoft's claims for breach contract against Softbank (Counts I and II), breach of fiduciary duty against both defendants (Counts IV and V), compensatory damages against Softbank, and punitive damages against both defendants.

Softbank now moves the Court to reconsider one aspect of the Opinion: the denial of summary judgment on Kinesoft's claim for compensatory damages. For the following reasons, Softbank's motion to reconsider is denied.

65

"Motions to reconsider "should not be a 'Pavlovian Response' to an adverse ruling," *Jefferson v. Security Pacific-Financial Services, Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995), nor are they a vehicle for raising new arguments or evidence that previously could have been offered. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Rather, a motion to reconsider is appropriate where the Court "has made a decision outside the adversarial issues presented to the Court by the parties;" has applied the incorrect legal standard; or has made "an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1999).

As Softbank correctly states (Softbank Mot. at 2), the Court denied Softbank's motion for summary judgment on Kinesoft's compensatory damages claim based on the theory of repudiation by non-performance and under the authority of the RESTATEMENT (SECOND) OF CONTRACTS § 243(2), which states that "[e]xcept as stated in Subsection (3), a breach by non-performance accompanied or followed by a repudiation gives rise to a claim for damages for total breach." Softbank argues that the Court instead should have applied Subsection 243(3), which states as follows:

> [w]here at the time of the breach the only remaining duties of performance are those of the party in breach and are for the payment of money in installments not related to one another, his breach by non-performance as to less than the whole, whether or not accompanied or followed by a repudiation, does not give rise to a claim for damages for total breach.

Softbank argues that Section 243(3) would require dismissal of the compensatory damages claim, and thus in substance argues that reconsideration is appropriate because the Court applied an incorrect legal standard.

At the threshold, we note that Softbank did not invoke Subsection 243(3) – or any subpart

of Section 243 – in its summary judgment papers. Rather, Softbank staked its summary judgment argument on RESTATEMENT (SECOND) OF CONTRACTS § 253. The Court found that Section 253 could not be the basis for summary judgment because Kinesoft had asserted a theory of repudiation plus non-performance, and that there were genuine fact disputes that required a trial on that theory of repudiation. In line with RESTATEMENT (SECOND) OF CONTRACTS § 253, cmt. a, the Court thus turned to Section 243 to analyze the issue.[1]

Softbank now states that it "disagrees that Kinesoft has plead a claim for repudiation based on non-performance" (Softbank Mot. at 2 n.1). But Softbank made no mention of this disagreement in its summary judgment papers, even though Kinesoft raised the theory of repudiation plus non-performance it its response to Softbank's motion for summary judgment (albeit in a footnote). And even now, while registering its disagreement, Softbank points to nothing in the record to show any error in the Court's determination that the theory of repudiation with non-performance was raised in the Final Pre-trial Order, which was signed by both sides (Opinion at 41, n.11). Given that the commentary to Section 253 indicates that Section 243 applies in a case of repudiation with non-performance, and that Kinesoft raised that theory in its summary judgment response, Softbank had the opportunity to indicate in its summary judgment reply which subpart of Section 243 Softbank believed should apply. Softbank chose not to seize upon that opportunity, and thus cannot complain on reconsideration that the Court should have considered Section 243(3) rather than 243(2). *See Moro*, 91 F.3d at 876 (motion to reconsider is not the place for new arguments that could have been raised in the original motion). It would not be appropriate for the Court to allow Softbank, now that

---

[1] For this reason, to the extent that Softbank's motion may be read as suggesting that by resorting to Section 243 the Court "made a decision outside the adversarial issues presented," *Bank of Waunakee*, 906 F.2d at 1191, it is a suggestion that the Court finds to be without merit.

it knows the Court's thinking on these issues, to reargue its motion for summary judgment with a theory that Softbank decided not to pursue on the first go around.

But the Court does not deny reconsideration on this procedural ground alone. Although there may be facts that would support application of Section 243(3), we find unconvincing Softbank's argument that all the material facts are undisputed so that the Court could render summary judgment based on Section 243(3). For example, as the Court has found, there remains a fact dispute as to whether "the only remaining duties of performance" were those of the "party in breach" and "at the time of breach." Moreover, Softbank's summary judgment papers pointed to no facts to show that the "payment of money" (here the Capital Advances) must be characterized as "installments not related to one another" within the meaning of Section 243(3); nor, for that matter, does Softbank do so in its motion to reconsider. Softbank was the moving party on summary judgment, and it therefore was Softbank's obligation to show based on the material undisputed facts that Softbank was entitled to judgment as a matter of law. Softbank failed to do so.

Moreover, even if the undisputed facts supported a literal application of Section 243(3), that would not automatically sound the death knell for Kinesoft's compensatory damages claim. *First*, while citing to "the comments and illustrations to Section 243" (Softbank Mot. at 3), Softbank ignores that the limitation on damages imposed by Section 243(3) "might yield on a showing of manifest injustice, as where the refusal to pay is not in good faith." *See* RESTATEMENT (SECOND) OF CONTRACTS § 243, cmt. d. As the Court has explained (*e.g.*, Opinion at 36-39), there are genuine disputes of material fact as to whether Softbank's denial of the Capital Advance was in good faith. In light of those factual disputes, it would be inappropriate to decide on summary judgment whether this exception to Section 243(3) applies. *Second*, even if Section 243(3) applied and the exception

-4-

to it did not, what that would mean is that Kinesoft would be unable to recover "damages for total breach" of the 1997 Agreement. That would preclude Softbank from recovering the full remainder of the $15 million reserved for Capital Advances that were not paid. But Softbank has offered no argument to show why Kinesoft still could not recover the $5 million amount sought in connection with the Digital Anvil request, if that request was wrongfully denied.

For the foregoing reasons, the Court denies Softbank's motion for reconsideration.

ENTER:

SIDNEY I. SCHENKIER
UNITED STATES MAGISTRATE JUDGE

DATED: February 27, 2001